UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:                                                                                     CASE NO.: 16-20229-LMI
                                                                                              CHAPTER 13
ARNOLD MICHEL,

    Debtor.
_____/


MOTION TO ALLOW LATE FILED
CLAIM TO BE TREATED AS TIMELY FILED

      BSI FINANCIAL SERVICES, AS SERVICING AGENT FOR HMC ASSETS, LLC, SOLELY IN ITS CAPACITY AS SEPARATE TRUSTEE OF COMMUNITY DEVELOPMENT FUND II TRUST ("BSI Financial Services" or "Secured Creditor"), by and through undersigned counsel, hereby files this Motion to Allow Late Filed Claim to be Treated as Timely Filed (the "Motion") and in support thereof, respectfully states as follows:

    1.    On July 22, 2016, the Debtor, Arnold Michel (the "Debtor") filed a petition for relief under Chapter 13 of the United States Bankruptcy Code.

    2.    On March 4, 2016, the Debtor filed its Chapter 13 Plan (the "Plan").

    3.    Secured Creditor asserts that pursuant to the Plan, the Debtor sought to (i) retain the real property commonly described as *540 N.E. 171st Terrace, North Miami Beach, FL 33162 (*the "Property") and (ii) was to seek mortgage modification mediation ("MMM").

    4.    Secured Creditor further asserts that pursuant to the Plan, the Debtor's intention was to make on-going adequate protection payments during the pendency of the MMM and that said payments were to be in the amount of $1,300.00 for months 1 – 60 (the "AP Payments") to creditor Ditech Financial LLC ("Ditech") as payment of the mortgage account ending with digits

1604.

5.      On August 22, 2016, the Debtor filed *Ex-Parte* Motion for Referral to Mortgage Modification Mediation with lender Ditech (D.E. #21).

6.      On October 31, 2016, the Debtor filed its First Amended Plan (the "Amended Plan").  The Amended Plan did not reflect any changes in Debtor's intent as to the Property and/or in the proposed AP Payments to creditor Ditech.

7.      On November 14, 2016, the Court entered the Order Confirming the Amended Plan.

8.      On March 9, 2017, mediator Betsy F. Yegelwel filed a Final Report of Loss Mitigation/Mortgage Modification Mediator (D.E. #48) which indicates that despite the passing of several months there was no MMM conference ever conducted.

9.      On April 19, 2017, the Debtor filed a Verified Renewed *Ex-Parte* Motion for Referral to Mortgage Modification Mediation with lender Ditech Financial LLC as to the subject Property (D.E. #49).

10.     On April 26, 2017, the Court entered the Order Granting Debtor's Verified Renewed *Ex-Parte* Motion for Referral to Mortgage Modification Mediation (D.E. #52).

11.     On July 10, 2017, the Debtor filed a First Modified Plan (the "Modified Plan"). Pursuant to the Modified Plan, the Debtor revised the proposed AP Payments to Ditech to a payment in the amount of $10,684.33 in month 12 followed by payments in the amount of $1,300.00 for months 13 through 60.

12.     Secured Creditor is the holder of the note and mortgage and asserts that it has a secured claim on the Property and that the legal description of the Property is described as follows:

**LOTS 2 AND 3, OF AMENDED PLAT OF THE TOLIN TRACT, ACCORDING TO THE PLAT THEREOF, RECORDED IN PLAT BOOK 66, PAGE 52, OF THE PUBLIC RECORDS OF MIAMI-DADE COUNTY, FLORIDA.**

13. After learning of the Debtor's bankruptcy filing, BSI Financial Services learned that there was a deadline to submit a proof of claim in the Debtor's bankruptcy case and that said deadline had expired on December 21, 2016.

14. BSI Financial Services sought bankruptcy counsel, and ultimately retained the law firm of Berger Firm P.A.

15. BSI Financial Services asserts that Schedule D of the Debtor's petition reflects that the former lender Ditech is listed as a secured creditor of the Property with a claim in the total amount of $312,544.00.

16. On August 20, 2017, BSI Financial Services filed a secured proof of claim (Claim #2-1) which reflects a total debt of $354,830.86 with arrearages in the amount of $57,930.29.

17. Federal Rule of Bankruptcy Procedure 9006(b) allows the claims bar date to be extended where the failure to timely act "was the result of excusable neglect."

18. The United States Supreme Court articulated the standard of "excusable neglect" for allowing a proof of claim to be filed after the claims bar date in the case of *Pioneer Inv. Serv.'s Co. v. Brunswick Assoc.'s Ltd. P'ship*, 507 U.S. 380 (1993), explaining that a court's determination of whether the neglect is "excusable" should be an equitable one, whereby a court should "tak[e] account of all relevant circumstances surrounding the party's omission." *Id*. at 395.

19. The circumstances courts should consider include: (1) the danger of prejudice to the debtor; (2) the length of delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. *Id*.

20. Courts have found excusable neglect and determined that creditors have a right to file late claims where they have not received actual notice of the bankruptcy. *See*, *e.g.*, *In re Anchor Glass Container Corp.*, 325 B.R. 892, 897 (Bankr. M.D. Fla. 2005).

21. In the instant case there is no danger of prejudice to the Estate in deeming the BSI Financial Services' claim as timely filed because it believes that the Trustee has made no distributions to date.

22. Furthermore, BSI Financial Services has acted in good faith in filing this Motion promptly after retaining counsel in this matter and after learning of the bankruptcy.

23. The delay was not within the control of BSI Financial Services because BSI Financial Services was unaware of the Claims Bar Date and the Debtor's bankruptcy filing.

24. Although filed late, this claim will not disrupt the efficient administration of Debtor's assets.

25. Secured Creditor asserts that the claim is necessary in order for the proper administration of the Secured Creditor's interest in this case and for the complete and proper distribution of estate funds to all creditors in this estate.

26. Based upon the foregoing, there is sufficient cause for the Court to find excusable neglect on the part of the Secured Creditors and the proof of claim by BSI Financial Services should be deemed timely filed.

27. The entry of an order on this Motion does not cause prejudice to the Debtor or any other party and does not have any impact on the proceedings of this case.

CASE NO.: 16-20229-LMI

WHEREFORE, BSI Financial Services, as Servicing Agent for HMC Assets, LLC, Solely in its capacity as Separate Trustee of Community Development Fund II Trust, seeks the entry of an order granting the Motion, deeming its proof of claim as timely filed, and granting any other and further relief this Court deems just and equitable.

Dated this 10th day of October, 2017.

        Respectfully submitted:
        **BERGER FIRM P.A.**
        *Attorneys for Secured Creditor*
        3050 Biscayne Blvd. - Suite 402
        Miami, Florida 33137
        Telephone: (305) 501.2808
        Facsimile: (954) 780.5578

        By:   /s/ Chase A. Berger
            Chase A. Berger, Esq.
            Florida Bar No. 083794
            chase@bergerfirm.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on October 10, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Filing.

        By:   /s/ Chase A. Berger
            Chase A. Berger, Esq.

CASE NO.: 16-20229-LMI

### CERTIFICATE PURSUANT TO LOCAL RULE 9011-4(B)(1)

I certify that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this court as set forth in Local Rule 2090-1(A).

By: /s/ Chase A. Berger
Chase A. Berger, Esq.

### SERVICE LIST

*Debtor*
**Arnold Michel**
P.O. Box 640803
Miami, FL 33164

*Debtor's Counsel*
**Jose P. Funcia, Esq.**
9555 N Kendall Drive, #211
Miami, FL 33176

*Trustee*
**Nancy K. Neidich**
P.O. Box 279806
Miramar, FL 33027

*U.S. Trustee*
**Office of the US Trustee**
51 S.W. 1st Avenue - Suite 1204
Miami, FL 33130