**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
www.flsb.uscourts.gov

**In re:**                                                 **CASE NO.: 16-20229-LMI**
                                                           **CHAPTER 13**
**ARNOLD MICHEL,**

      Debtor.
_____/

**BSI FINANCIAL SERVICES, AS SERVICING AGENT FOR HMC ASSETS, LLC SOLELY IN ITS CAPACITY AS SEPARATE TRUSTEE OF COMMUNITY DEVELOPMENT FUND II TRUST'S MOTION FOR RELIEF FROM MORTGAGE MODIFICATION MEDIATION PROGRAM**

**BSI FINANCIAL SERVICES, AS SERVICING AGENT FOR HMC ASSETS, LLC SOLELY IN ITS CAPACITY AS SEPARATE TRUSTEE OF COMMUNITY DEVELOPMENT FUND II TRUST** as holder of the loan documents at issue ("BSI Financial Services" or "Secured Creditor"), hereby moves this Court for the entry of an Order granting it relief from the *Order Granting Debtor's Verified Ex-Parte Motion for Referral to Mortgage Modification Mediation* (D.E. #52) to which the debtor Arnold Michel (the "Debtor") has applied in its renewed *Ex-Parte Verified Motion for Referral to Mortgage Modification Mediation* (D.E. #49) filed on April 24, 2017. In support of this Motion (the "Motion"), BSI Financial Services respectfully states as follows:

      1.       On July 26, 2016 (the "Petition Date"), the Debtor filed its Voluntary Petition under Chapter 13 of the United States Bankruptcy Code (D.E. # 1).

      2.       On August 19, 2016, Debtor filed an *Ex-Parte* Verified Motion for Referral to Mortgage Modification Mediation (D.E. #21) with original lender Ditech Financial, LLC.

      3.       On August 22, 2016, the Debtor filed its *Chapter 13 Plan* (D.E. # 12)(the "Plan").

4. On August 24, 2016, the Court entered the Order Granting the Verified Motion for Referral to Mortgage Modification Mediation (D.E. #26)(the "MMM Order").

5. Pursuant to the Plan, "in the event the lender and the Debtor fail to reach an agreement, then the Debtor no later than 14 days after the mediator's Final Report is filed, the Debtor will amend or modify the plan to (a) conform to the lender's Proof of Claim or (b) provide that the real property will be surrendered".

6. On March 29, 2017, mediator Betsy F. Yegewel filed a Final Report of Loss Mitigation/Mortgage Modification Mediator (D.E. #48)(the "Final Report"). Pursuant to the Final Report, "the Debtor failed to furnish the requested documents on a timely basis".

7. Secured Creditor asserts that subsequent to the Final Report, the deadline for the Debtor to have timely filed a modified plan was March 23, 2017.

8. Secured Creditor asserts that the Debtor failed to timely file a modified plan.

9. On April 19, 2017, approximately forty (40) days after the Final Report was filed, the Debtor then filed a Renewed *Ex-Parte* Verified Out of Time Motion for Referral to Mortgage Modification Mediation (D.E. #49)(the "Renewed Motion") seeking yet another order directing mortgage modification mediation.

10. On April 26, 2017, the Court entered the Order Granting the Renewed Verified Motion for Referral to Mortgage Modification Mediation (D.E. #51)(the "Second MMM Order").

11. Secured Creditor asserts that the Debtor has failed to comply with the obligations set forth in the Second MMM Order in that, as of the date of filing of this Motion, the Debtor still has not launched opened the MMM Portal nor selected a mediator.

12. On September 29, 2017, counsel for Secured Creditor contacted Debtor's counsel and requested that the portal be opened so that BSI Financial Services could participate in mediation.

13. Secured Creditor asserts that, as of the date of filing of this Motion, the Debtor has not launched/opened the MMM portal. As such, Secured Creditor has not been appointed in the portal nor has the Debtor submitted the mortgage modification application or provided any financial documentation to the lender for mortgage modification consideration and thus the parties have not commenced the mortgage modification mediation process nor scheduled a mediation conference. Further, to date, counsel for Secured Creditor has not heard any response from the Debtor or Debtor's Counsel with respect to the status of launching of the MMM Portal.

14. Secured Creditor asserts that the Debtor has sought mortgage modification mediation twice and has failed each time to comply with this Court's order directing mortgage modification.

15. Secured Creditor asserts that the Debtor's prior intent to seek mortgage modification were clearly nothing more than a delay tactic by the Debtor as evidenced by the deliberate failure to comply with MMM orders.

16. Secured Creditor seeks entry of an order vacating the MMM Order and directing the Debtor to reimburse Secured Creditor's attorney fees incurred with the filing of this instant Motion.

**WHEREFORE,** BSI Financial Services, as Servicing Agent for HMC Assets, LLC Solely In Its Capacity As Separate Trustee of Community Development Fund II Trust, respectfully requests that this Court enter an Order: (i) vacating the Mediation Order; (ii) excusing BSI Financial Services, As Servicing Agent For HMC Assets, LLC Solely In Its Capacity As Separate

Trustee of Community Development Fund II Trust from participation in the Mortgage Modification Mediation due to the unreasonable delay by the Debtor; (iii) directing the Debtor to reimburse Secured Creditor attorney's fees associated with the filing of this Motion, and (iv) for any such further relief as this Court deems just and proper.

**Dated: November 13, 2017.**

>Respectfully submitted,
>
>/s/ Chase A. Berger, Esq.
>Chase A. Berger
>Fla. Bar No. 083794
>chase@bergerfirm.com
>*Counsel for Secured Creditor*
>**BERGER FIRM P.A.**
>3050 Biscayne Boulevard – Suite 402
>Miami, Florida 33137
>Telephone: 305.501.2808 / Facsimile: 954.780.5578

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on November 13, 2017, I electronically filed the foregoing document as counsel for Creditor, BSI Financial Services, As Servicing Agent for HMC Assets, LLC Solely In Its Capacity As Separate Trustee of Community Development Fund II Trust, with the Clerk of the Court using CM/ECF.

I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List/Matrix in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Filing.

>/s/ Chase A. Berger
>Chase A. Berger, Esq.
>Fla. Bar No. 083794

*CASE NO.: 16-20229-LMI*

## SERVICE LIST

*Debtor*
**Arnold Michel**
P.O. Box 640803
Miami, FL 33164

*Debtor's Counsel*
**Jose P. Funcia, Esq.**
9555 N Kendall Drive, #211
Miami, FL 33176

*Trustee*
**Nancy K. Neidich**
P.O. Box 279806
Miramar, FL 33027

*U.S. Trustee*
**Office of the US Trustee**
51 S.W. 1st Avenue - Suite 1204
Miami, FL 33130